THORNAL, Justice.
By petition for a writ of habeas corpus, Johnson seeks release from imprisonment in the State prison.
To. dispose of the matter we must consider the validity of the sentence which petitioner is currently serving.
By the information it was charged that Johnson “did willfully and carelessly set fire to, or cause fire to be set to forest woods in wild land in Seminole County, Florida, not owned or controlled by Alan D. Johnson.”
After the trial Johnson was adjudged guilty and sentenced for the crime of “attempted willful, unlawfully [sic] burning of land.” On November 14, 1960, the petitioner was committed to the custody of the respondent “for a term of six (6) months to eighteen (18) months.” Numerous claims of illegality of the detention are alleged. The one which we discuss is the only one which appears to have merit. We issued the writ and now consider the matter upon the record, which includes the return of the respondent.
It is clear from the information, and indeed the return concedes, that the petitioner was charged with a violation of Section 590.08, Florida Statutes, F.S.A., which makes it unlawful “for any person to willfully or carelessly burn * * * wild lands * * * not owned or controlled by such person.” In view of our ultimate disposition of the cause we find it unnecessary to discuss the point that the information charges that the petitioner “did willfully and carelessly” set fire while the statute describes the offense in the alternative as “willfully or carelessly” setting fire. Inasmuch as the point was not raised before or during the trial we deem it too *66 late now to urge this objection. The critical problem is that the penalty for a violation of Section 590.08, Florida Statutes, F.S.A., is prescribed by Section 590.14, Florida Statutes, F.S.A. By the last-cited section a “willful or intentional” violation is condemned as a felony which carries a maximum sentence to the State prison “for a'term of not more than three years.” A “careless” violation is a misdemeanor with a maximum sentence of three months in the county jail.
The petitioner was adjudged guilty of “attempted willful, unlawfully burning of land.” We construe the judgment of conviction as finding the petitioner guilty of attempting to commit a felony condemned by Section 590.08, supra, for which the penalty is prescribed by Section 590.14, Florida Statutes, F.S.A.
As pointed out by the return of the respondent, the substantive offense of “attempt” to commit a crime is penalized by Section 776.04, Florida Statutes, F.S.A. Under Section 776.04(3), when the offense attempted is punishable in the State prison for a term of less than five years, the maximum sentence which may be imposed for an “attempt” to commit the crime is “imprisonment in the county jail not exceeding one year.” Inasmuch as the petitioner was found guilty of attempting to commit a crime which carried a maximum penalty of three years, it is obvious that the maximum sentence which could be imposed upon him was one year in the county jail. Referring back to the sentence imposed, it will be recalled that he was committed to the custody of the respondent for imprisonment “for a term of six months to eighteen months.” The maximum limit of the sentence imposed upon the petitioner exceeds the maximum allowed by Section 776.04(3), supra. He is therefore entitled to be returned before the trial judge for imposition of a legal sentence.
The respondent is directed to present the petitioner before the trial judge at the earliest possible opportunity for the imposition of a legal sentence consistent with this opinion. In this regard it is noted that the petitioner was committed to the custody of the respondent on November 14, 1960. In the event that petitioner has earned “gain time” allowances under Section 944.27, Florida Statutes, F.S.A., he would be entitled to a relatively early release from imprisonment. Respondent is, therefore, directed to arrange immediately for the presentation of the petitioner before the trial judge as above directed.
Petitioner is remanded to the custody of the respondent subject to directions as aforesaid for the imposition of a legal sentence.
It is so ordered.
ROBERTS, C. J., and HOBSON, DREW and O’CONNELL, JJ., concur.